UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRIE H.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. C18-278-BAT

**ORDER REVERSING AND REMANDING FOR AWARD OF BENEFITS**

Plaintiff Brie H. seeks review of the denial of her application for Supplemental Security Income. She contends the ALJ failed to make a proper de novo decision, misevaluated the medical evidence, plaintiff's testimony, and the lay witness evidence, and, consequently, improperly assessed her residual functional capacity and based his finding of nondisability on this erroneous assessment. Dkt. 17 at 2. She seeks remand for an award of benefits. *Id.* The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for an immediate award of benefits.

## BACKGROUND

Plaintiff is currently 34 years old, has a high school education, and has worked as a medical assistant and dietary aide. Tr. 62, 89, 357. She applied for benefits in July 2009, alleging disability as of February 2002. Tr. 357. She later amended her alleged onset date to July 23, 2009, the date she filed her application. Tr. 59. After her application was denied initially and on

ORDER REVERSING AND REMANDING FOR AWARD OF
BENEFITS - 1

reconsideration, the first ALJ conducted a hearing and, on April 25, 2011, issued a decision finding her not disabled. Tr. 173-85. The appeals council vacated that decision and remanded the case for a new hearing and decision. Tr. 193-94. The second ALJ conducted a hearing and, on September 16, 2013, issued a decision finding plaintiff not disabled. Tr. 22-47. Plaintiff sought review of that decision and this court reversed and remanded the case for further administrative proceedings. Tr. 1414-20. The third ALJ conducted a hearing and, on October 23, 2017, issued the decision at issue in this case, finding plaintiff not disabled during the relevant period. Tr. 1297-1319. While review of her claim was ongoing, plaintiff filed a subsequent application for benefits and was found disabled as of February 4, 2015. Tr. 1297. Thus, the relevant period addressed in the third ALJ decision and in this order is from July 23, 2009, until February 4, 2015.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date; she had the following severe impairments: polyarthralgia vs. undifferentiated mixed connective tissue disorder vs. fibromyalgia vs. rheumatoid arthritis, obesity, affective-related disorder, anxiety-related disorder, posttraumatic stress disorder, attention deficit hyperactivity disorder, learning disorder, personality disorder, and polysubstance dependence; and these impairments did not meet or equal the requirements of a listed impairment.[2] Tr. 1300-01. The ALJ found that plaintiff had the residual functional capacity to perform light work with additional handling, postural, and environmental limitations, as well as limitations on the complexity of the work and the social

---

[1] 20 C.F.R. § 416.920.

[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER REVERSING AND REMANDING FOR AWARD OF
BENEFITS - 2

interactions required. Tr. 1303. The ALJ found that plaintiff could not perform her past relevant work, but, as there were jobs that existed in significant numbers in the national economy that she could have performed, plaintiff was not disabled from July 23, 2009, to February 4, 2015. Tr. 1318-19.

**DISCUSSION**

### A. De novo decision

Plaintiff argues that the ALJ violated the rule of mandate, the HALLEX, and plaintiff's constitutional right to due process by failing to comply with the appeals council's ruling vacating the second ALJ decision and by failing to consider all pertinent issues de novo. Dkt. 17 at 2-3. Plaintiff bases this assertion on the fact that in the decision at issue, the ALJ adopted and incorporated by reference the second ALJ's assessment of opinion evidence not disturbed by the court order reversing and remanding that decision. *Id.*

Plaintiff makes no argument or explanation in support of this claim. Accordingly, the court may deem it waived. *See Avila v. Astrue*, No. C07-1331, 2008 WL 4104300 (E.D. Cal. Sept. 2, 2008) at *2 (unpublished opinion) (citing *Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 923-24 (9th Cir. 1996) (party who presents no explanation to support claim of error waives issue)).

Even if the court were to consider the substance of the claim, the only authority plaintiff cites to is HALLEX I-2-8-18. But the HALLEX is an internal agency manual with no binding legal effect on the Social Security Administration or on this court. *Moore v. Apfel*, 216 F.3d 864, 868 (9th Cir. 2000). A violation of the HALLEX is not a legal error subject to reversal by this court. Moreover, the section of the HALLEX at issue provides: "If the Appeals Council (AC) remands a case to the hearing level after a court remand, it generally vacates the entire

ORDER REVERSING AND REMANDING FOR AWARD OF
BENEFITS - 3

administrative law judge (ALJ) decision, and the ALJ must consider all pertinent issues de novo." This provision does not establish on its face that an ALJ errs by incorporating findings from a vacated decision.

Finally, although plaintiff purports to raise a claim of violation of constitutional due process, plaintiff's complaint did not contain such a claim for relief. Dkt. 4. To state a claim on which the court can grant relief, a plaintiff must submit a pleading containing a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Plaintiff did not do so here. Even if plaintiff could assert a constitutional claim at this stage of the litigation, plaintiff's bare assertion is not sufficient to raise a colorable constitution claim upon which this court can grant relief. *See Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) (mere allegation of a due process violation is not a colorable constitutional claim).

Other than merely asserting that the ALJ committed error, plaintiff has provided no substance to this claim for the court to address. The court declines to find error in the ALJ's incorporation by reference of findings from the previous decision.

**B.  Medical evidence**

Plaintiff asserts that the ALJ erred by improperly rejecting the opinion of every treating and examining physician. Dkt. 17 at 3. In general, the ALJ must give specific and legitimate reasons for rejecting a treating or examining doctor's opinion that is contradicted by another doctor, and clear and convincing reasons for rejecting a treating or examining doctor's uncontradicted opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996).

*1.  Rule of mandate*

Plaintiff again asserts that the ALJ violated the rule of mandate by giving little weight to the opinions of Dr. Borisovskaya, Dr. Ruddell, Dr. Widlan, Ms. DeSart, and Dr. Hopfenbeck

based on the second ALJ's analysis and findings. Dkt. 17 at 3. Again, the court finds no error in the ALJ's adopting and incorporating by reference the previous ALJ's assessment of opinions that this court did not disturb in its order reversing and remanding the case.

### 2. *Dr. Romanick*

Dr. Romanick, plaintiff's treating rheumatologist, opined in February 2010 that plaintiff would be able to work part-time but would have difficulty maintaining a full-time position. Tr. 658. The ALJ gave this opinion little weight, finding that Dr. Romanick did not describe any clinical or workup finding to corroborate her opinion. Tr. 1310. The ALJ found that Dr. Romanick's treatment notes showed negative radiographic findings and mild examination findings that did not justify her conclusion that plaintiff could not sustain full-time work at any exertional level. Tr. 1310-11.

Plaintiff asserts that the ALJ does not mention Dr. Romanick's finding of 11 out of 18 positive fibromyalgia tender points, arguing that this is objective evidence that supports Dr. Romanick's opinion and the ALJ could not reject the opinion based on imaging studies and examination findings that are unrelated to fibromyalgia. Dkt. 17 at 4. Although the finding of tender points supports the diagnosis of fibromyalgia, the existence of tender points does not establish any particular functional limitations. And Dr. Romanick does not connect the tender point findings to her opinion or to any functional limitations. The existence of positive fibromyalgia tender points does not require that a doctor's opinion be given any particular weight. Plaintiff has not established that the ALJ erred in evaluating this opinion.

### 3. *Dr. Borisovskaya*

Dr. Borisovskaya examined plaintiff in October 2009 and opined that while plaintiff would be able to perform simple and repetitive tasks, she would be easily distracted from

complex tasks, she would have difficulties interacting with coworkers and the public, she would have difficulty getting to work or getting through a workday due to panic attacks and agoraphobia, her disrupted sleep schedule and fatigue would affect her performance during the day, and she would not be able to handle stress in the competitive workplace. Tr. 567.

The ALJ found that Dr. Borisovskaya did not review any records other than records from an August 2007 hospitalization, which was outside the relevant period, and that she was therefore unaware of Dr. Ruddell's August 2009 evaluation, during which plaintiff did not endorse panic attacks or agoraphobia and Dr. Ruddell did not diagnose an anxiety disorder. Tr. 1315. The ALJ further noted that plaintiff reported to Dr. Borisovskaya that that she attended AA and NA meetings two to three days per week. *Id.*

Plaintiff argues that the ALJ's assessment of Dr. Ruddell's opinion is incorrect, as plaintiff endorsed panic attacks three to four times a day in the questionnaire she completed for Dr. Ruddell's evaluation. Dkt. 17 at 5; Tr. 744. The Commissioner concedes this error, but argues that it is harmless because the ALJ gave other, valid reasons for rejecting the opinion. Dkt. 22 at 12. Several of the reasons the Commissioner puts forth, including that Dr. Borisovskaya's opinion was inconsistent with other examinations that documented generally normal or mildly abnormal findings and with plaintiff's ability to care for her grandmother and visit her boyfriend in jail on a nearly daily basis, were not reasons articulated by the ALJ for rejecting this opinion. These are therefore improper post-hoc rationalizations that the court cannot rely on to affirm the ALJ. *See Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001).

The Commissioner also argues that the ALJ validly found that Dr. Borisovskaya's opinion appeared to be based on plaintiff's allegations of panic attack and agoraphobia, which the ALJ found to be not fully credible. Dkt. 2 at 11. An ALJ may give less weight to a medical

opinion that is based to a large extent on a claimant's self-reports that have been properly discounted as incredible. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). But an ALJ does not provide adequate reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations. *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). Dr. Borisovskaya did not question plaintiff's reports and based her opinion on the clinical examination she performed. This was not a valid reason to discount the opinion.

The ALJ did not give specific and legitimate reasons, supported by substantial evidence in the record, for rejecting Dr. Borisovskaya's opinion. The Commissioner's proposed post hoc rationalizations do not cure this error. The court therefore finds that the ALJ erred in rejecting this opinion.

    *3.    Dr. Sanchez*

Dr. Sanchez, plaintiff's primary care doctor, opined in a February 2010 letter that plaintiff was "quite emotionally compromised and unable to obtain and sustain gainful employment." Tr. 641. He stated that plaintiff's symptoms had been quite difficult to control and, despite being on the most effective combination of medications to date, her affect continued to be variable and unpredictable and not completely controlled, and he expected these problems to continue. *Id.*

The ALJ gave this opinion little weight for the reasons in the previous ALJ decision, as well as his own assessment that Dr. Sanchez's opinion appeared out of proportion to his treatment notes and that those notes showed that plaintiff's mental symptoms were primarily situational and her mental condition was otherwise responsive to treatment. Tr. 1313-14.

Plaintiff again asserts that the ALJ's reliance on the reasons in the second ALJ decision is not legitimate. Dkt. 17 at 6. The court has previously rejected the claim that it was per se error for the ALJ to incorporate by reference the previous findings. Plaintiff makes no substantive arguments with respect to these reasons.

Plaintiff also argues that the treatment records the ALJ cites to were created for communication and record-keeping for health care personnel, not to provide evidence for disability determinations, they show only that plaintiff's symptoms wax and wane, and they are fully consistent with Dr. Sanchez's opinion. Dkt. 17 at 6. Plaintiff does not explain how the fact that Dr. Sanchez's records were created for the purpose of treatment undermines the ALJ's reliance on them in evaluating Dr. Sanchez's opinion. And her assertions that the treatment records merely show that her symptoms wax and wane and are fully consistent with Dr. Sanchez's opinion merely propose an alternative interpretation of the record. Even if her proposed alternative is rational, when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's conclusion. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The ALJ supported his assessment with specific examples from Dr. Sanchez's treatment records and provided a rational interpretation of the opinion. The ALJ did not err in evaluation Dr. Sanchez's opinion.

  *4. Dr. Ruddell*

Dr. Ruddell examined plaintiff in August 2009 and opined that plaintiff had marked impairment in her ability to relate appropriately to co-workers and supervisors and to maintain appropriate behavior in a work setting, among other moderate and mild limitations. Tr. 741. The ALJ found that Dr. Ruddell's assessment of marked social limitations appeared out of proportion to her own observations during the evaluation that plaintiff was interactive with appropriate eye

contact. Tr. 1314. The ALJ also found that Dr. Ruddell's opinion appeared to be based on plaintiff's self-report which the ALJ found to be not fully reliable. Tr. 1315.

Plaintiff asserts that the ALJ improperly found Dr. Ruddell's opinion to be out of proportion to her observations and that there is no evidence Dr. Ruddell improperly relied on plaintiff's self-reports. Dkt. 17 at 7. The court agrees. When rejecting an opinion, the ALJ must explain why her interpretation, rather than the doctor's interpretation, is correct. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). But here, the ALJ singled out two check-box notations as undermining a comprehensive evaluation that the doctor herself described as presenting a "complex" situation. Tr. 743. The court also notes that, as discussed above, the ALJ erroneously assessed a key component of this opinion when using it to discount another medical opinion. And Dr. Ruddell did not questions plaintiff's complaints to her and based her opinion on her clinical examination and observations. Her reliance on plaintiff's self-report was therefore not a valid reason to discount the opinion. *Edlund*, 253 F.3d at 1159. The ALJ failed to provide specific and legitimate reasons, supported by substantial evidence, for rejecting this opinion.

Dr. Ruddell again evaluated plaintiff in June 2012 and opined that plaintiff had moderate mental limitations with mild limitations in her ability to understand, remember, and persist in simple tasks and ability to learn new tasks. Tr. 1137. The ALJ gave this opinion partial weight, finding that it was generally consistent with the overall evidence, but the ALJ gave more weight to the consulting doctors' opinions because Dr. Ruddell "did not translate her findings into a narrative mental residual functional capacity" in the section where she was asked to do so. Tr. 1312.

Plaintiff argues that this was not a legitimate reason to reject the limitations Dr. Ruddell opined, as Dr. Ruddell included narrative discussions of plaintiff's limitations throughout her

ORDER REVERSING AND REMANDING FOR AWARD OF BENEFITS - 9

assessment. Dkt. 17 at 8. The ALJ did not find that Dr. Ruddell's opinion was unsupported or inconsistent with the record (to the contrary, the ALJ found it to be consistent with the overall evidence). Rather, the ALJ found that Dr. Ruddell did not include a narrative RFC finding in the proper location. But Dr. Ruddell included narrative statements about plaintiff's functional limitations along with her responses to the check-box questions. Tr. 137. The ALJ's finding that Dr. Ruddell did not translate her check-box opinions into narrative functional limitations is not supported by the evidence. The ALJ failed to provide specific and legitimate reasons, supported by substantial evidence, to give only partial weight to this opinion.

*5. Dr. Widlan and Ms. DeSart*

Dr. Widlan examined plaintiff in April 2010 and June 2011 and opined in both examinations that she had mild cognitive limitations and marked social limitations. Tr. 751, 1129. Ms. DeSart, plaintiff's treating therapist, opined in November 2011 that plaintiff would have difficulty maintaining employment due to her mental symptoms. Tr. 1145. The ALJ found that Dr. Widlan's and Ms. DeSart's opinions were out of proportion to the contemporaneous treatment notes from 2010 through 2012, which showed that plaintiff typically had only mild depression or had no unusual evidence of depression or anxiety, and that Dr. Widlan was unaware of the treatment notes because he did not review any records in preparing for his evaluations. Tr. 1315.

Plaintiff argues that the ALJ selectively cited to treatment notes where plaintiff was doing somewhat better and failed to acknowledge that plaintiff's symptoms waxed and waned. Dkt. 17 at 9. Plaintiff also asserts that Ms. DeSart's opinion is consistent with her clinical findings. Dkt. 17 at 10. And plaintiff points out that many of the treatment notes the ALJ cites to are from after dates of Dr. Widlan's evaluations. Dkt. 17 at 9. Plaintiff again proposes an alternative

interpretation of the record that this court cannot accept over the ALJ's interpretation. *Thomas*, 278 F.3d at 954. And plaintiff makes conclusory assertions without argument or explanation, which the court deems waived. *See Avila*, No. C07-1331, 2008 WL 4104300 at *2. The court finds no error in the ALJ's analysis of Dr. Widlan's and Ms. DeSart's opinions.

      *6.      Dr. Hopfenbeck*

Dr. Hopfenbeck examined plaintiff in May 2013, on the day she was discharged from an 18-day psychiatric hospital stay. Tr. 1173. He opined that plaintiff had severe, persistent, and pervasive difficulties with anxiety and depression since early childhood, and that that while the type of treatment she received during her hospitalization might eventually help her, she has been highly unstable throughout her life and could not tolerate the stresses and demands of even a very basic and sparsely populated workplace. Tr. 1177-78. Dr. Hopfenbeck opined that at a workplace, she would be a distraction to others, would be prone to panic and frequent angry outbursts, and would be unable to complete even very simple tasks due to her very low stress tolerance and poor ability to concentrate. Tr. 1178. Dr. Hopfenbeck believed that since July 2009 and long before that, plaintiff was fully incapable of doing work due to her severe behavioral impairments. *Id.*

The ALJ gave Dr. Hopfenbeck's opinion little weight. Tr. 1312-13. The ALJ found that Dr. Hopfenbeck's opinion relied in part on plaintiff's abnormal presentation at the evaluation, but her presentation to Dr. Hopfenbeck was in contrast to her relatively normal presentation during a discharge evaluation with Dr. Green on the same day. Tr. 1315. The ALJ described Dr. Green's mental status examination findings but did not identify which portions were inconsistent with Dr. Hopfenbeck's mental status examination or explain why he gave more weight to Dr. Green's assessment than to Dr. Hopfenbeck's. The ALJ must explain his interpretation, not

ORDER REVERSING AND REMANDING FOR AWARD OF
BENEFITS - 11

merely offer his conclusions. *Orn*, 495 F.3d at 632. This was not a valid reason to reject the opinion.

The ALJ also found that Dr. Hopfenbeck relied on plaintiff's self-report that she rarely left the house, did not socialize with anyone, and did not engage in any activities prior to her hospitalization, which the ALJ found to be inconsistent with her testimony that same month that until recently she had been caring for her grandmother three days per week and visiting her boyfriend in jail five days per week. Tr. 1315-16. Plaintiff testified that she dated her boyfriend who she visited in jail "last summer"—i.e., the summer before the May 2013 hearing—and stopped seeing him "months ago." Tr. 113-14. And she testified that she stopped caring for her grandmother "four or five months" before the hearing. Tr. 123. This testimony is not inconsistent with her reports to Dr. Hopfenbeck about her activities "prior to her hospitalization." Substantial evidence does not support this reason for rejecting the opinion. The ALJ failed to provide specific and legitimate reasons, supported by substantial evidence, to reject this opinion.

### 7. *Harmful error*

At this juncture, the court has reviewed opinions from seven of the eighteen doctors that plaintiff has alleged the ALJ erred in evaluating, and found that the ALJ erred in evaluating opinions from three of those doctors: Dr. Borisovskaya, Dr. Ruddell, and Dr. Hopfenbeck. The ALJ erroneously failed to incorporate the limitations opined by these doctors into the hypothetical he posed to the vocational expert. These opinions paint a picture of a claimant with severe, disabling limitations, many of which were the basis of the subsequent finding of disability. The court finds that the ALJ's errors in evaluating these opinions were harmful and that an analysis of the appropriate remedy is appropriate without further assessment of the ALJ's decision.

**C.    Remand for award of benefits**

Plaintiff seeks remand for an immediate award of benefits for the closed period from her alleged onset date to the date she was subsequently found disabled. Dkt. 17 at 19. The court may remand for an award of benefits where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose, (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion, and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Courts have flexibility in applying this rule, and may instead remand for further proceedings where the record as a whole "creates serious doubt that a claimant is, in fact, disabled." *Id.* at 1021.

The Court finds that all these conditions are met and a remand for award of benefits is appropriate. This case involves a closed period, from July 23, 2009, to February 4, 2015, that ended some four years ago. The record is fully developed and no useful purpose would be served by remanding this case for yet another hearing. And the ALJ has failed, for a third time, to provide legally sufficient reasons for rejecting medical opinion evidence from plaintiff's treating and examining doctors. If this improperly discredited evidence were credited as true, the ALJ would be required to find plaintiff disabled.

To date, plaintiff has waited over 10 years for a disability determination on this application. The matter has already been remanded once by the Appeals Council and once by this court, and three different ALJs have conducted three hearings. The fact that additional proceedings would add still more delay weighs in favor of an award of benefits. *See Varney v. Sec'y of Health and Human Servs.*, 859 F.2d 1396, 1398-99 (9th Cir. 1988). Because review of

the record as a whole does not create serious doubt that plaintiff was disabled during the relevant period, the Court remands this case for an immediate award of benefits.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for an immediate award of benefits.

DATED this 31st day of January, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge